**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GERALD A. KARASINSKI, | DOCKET NUMBER |
| Appellant, | PH-0831-19-0263-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: June 14, 2024 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gerald A. Karasinski, Kingston, Pennsylvania, pro se.

Michael Shipley, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying his request for a waiver of interest on a redeposit of refunded retirement contributions under the Civil Service Retirement System (CSRS) and on a deposit

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for service under the Federal Insurance Contributions Act (FICA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify and supplement the administrative judge's analysis of the appellant's entitlement to retirement annuity benefits, we AFFIRM the initial decision.

For the reasons provided in the initial decision, we agree with the administrative judge's finding that the appellant has failed to prove his entitlement to retirement annuity benefits based on service for which he received a refund of retirement contributions and did not pay a redeposit with interest. Initial Appeal File (IAF), Tab 9, Initial Decision (ID) at 3-6; *see* 5 U.S.C. §§ 8334(d)(1), 8342(a); *Youngblood v. Office of Personnel Management*, 108 M.S.P.R. 278, ¶¶ 12-13 (2008); *Sanchez v. Office of Personnel Management*, 47 M.S.P.R. 343, 346-47 (1991). However, the administrative judge erroneously characterized the periods of service for which the appellant received a refund of retirement contributions as "FICA service." ID at 1, 5.

We modify the initial decision to clarify that the appellant received a refund of retirement contributions for his service covered under CSRS that he performed with the Department of the Army from April 22, 1981, through

August 25, 1987.[2]  ID at 2; IAF, Tab 5 at 28, 32-34.  The refund also included the deposit the appellant had made to receive credit under CSRS for his military service from June 17, 1974, through June 16, 1976.  ID at 2; IAF, Tab 5 at 32, 35.  The service periods described above are separate and distinct from the periods of FICA service discussed in OPM's final decision.  IAF, Tab 5 at 10.  In particular, OPM stated that the appellant performed service from August 16, 2008, through September 3, 2008, and from September 14, 2008, through March 28, 2009, for which no retirement deductions were withheld.  *Id.*  The record reflects that such service was subject to FICA only.[3]  *Id.* at 22.

It is not clear whether the appellant challenges OPM's determination that he must pay a deposit with interest to receive credit for his FICA service in 2008-2009 for purposes of his retirement annuity benefits.  Petition for Review (PFR) File, Tab 9 at 3-6, 8-10; IAF, Tab 1 at 4, Tab 5 at 10, Tab 8 at 2-4.  In any event, we further modify the initial decision to find that the appellant has failed to prove his entitlement to retirement annuity benefits based on his FICA service when he has not paid any deposit with interest for such service.  *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986) (holding that an applicant for retirement benefits bears the burden of proving his entitlement to such benefits); 5 C.F.R. § 1201.56(b)(2)(ii) (providing the same).  Importantly, the appellant has not identified any statutory or regulatory provision that would allow him to receive credit for his FICA service under either CSRS or the analogous Federal Employees' Retirement System (FERS) without paying a deposit with interest, or that would authorize a waiver of a deposit with interest for such service.  *See* 5 C.F.R. §§ 846.302(b) (providing, in part, that certain civilian service that otherwise would be creditable under CSRS and was performed before the effective date of FERS coverage is creditable under FERS,

---

[2] It is undisputed that the appellant received the refund at issue.  ID at 5.

[3] FICA refers to the Federal Insurance Contributions Act, which is the statutory authority for the collection of Social Security and Medicare taxes from employee wages.  *See* 26 U.S.C. §§ 3101-3128.

subject to the deposit requirements of 5 C.F.R. § 842.305), 842.305(a), (d)-(e) (providing for the payment of a deposit with interest for certain civilian service); *see also* 5 C.F.R. §§ 831.105(e) (providing for the computation of interest for noncontributory service performed on or after October 1, 1982), 831.303(b) (providing, in relevant part, that a period of creditable civilian service performed on or after October 1, 1982, for which retirement deductions have not been taken, shall be used to compute CSRS retirement annuity benefits only if a deposit is paid).

On petition for review, the appellant essentially reasserts his claim that he was misinformed by Government employees about the consequences of taking a refund of his CSRS retirement contributions (including his military-service deposit) and of electing coverage under FERS. *Compare* PFR File, Tab 9 at 8-10, *with* IAF, Tab 8 at 2-4. He further argues that, because most people (like himself) are not familiar with the laws relating to retirement, he properly relied on the retirement advice of those personnel who are trained in such laws. PFR File, Tab 9 at 5. However, even if the appellant was misinformed by Government employees, the Government cannot be estopped from denying monetary benefits not otherwise permitted by law. *Youngblood*, 108 M.S.P.R. 278, ¶ 13.

For the first time on review, the appellant argues that there should be no change to his retirement annuity benefits because his service computation date was "never changed" around the time of his reemployment or retirement. PFR File, Tab 9 at 4-5. He has included documentation to support his argument, including Government forms documenting his service computation date. *Id.* at 11-15. The appellant has failed to explain why, despite his due diligence, he was unable to raise his new argument or provide such documentation prior to the close of the record before the administrative judge. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review

absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). In any event, we find that the appellant's argument and evidence regarding his service computation date are immaterial to the outcome of this appeal because they do not establish his entitlement to the retirement annuity benefits he seeks. *See Banks*, 4 M.S.P.R. at 271; *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (observing that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

Accordingly, we affirm OPM's final decision.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.